IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| GERALD LEWIS AUSTIN, #A1076082,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CORRECTIONAL OFFICER PADILLA,<br><br>　　　　Defendant. | CIV. NO. 11-00693 DAE-BMK<br><br>ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION |

**ORDER DISMISSING FIRST AMENDED COMPLAINT AND ACTION**

Before the court is *pro se* Plaintiff Gerald Lewis Austin's first amended prisoner civil rights complaint ("FAC"). Plaintiff is incarcerated at the Halawa Correctional Facility ("HCF"), and names Adult Correctional Officer ("ACO") Padilla as the only defendant in this case.[1] Plaintiff alleges that Padilla violated his constitutional rights when he verbally threatened Plaintiff on four occasions.

Plaintiff's original Complaint was dismissed for failure to state a claim with leave granted to amend. *See* 28 U.S.C. §§ 1915(e)(2) and 1915(A)(b)(1); ECF #2. Because Plaintiff's FAC fails to cure the enumerated

---

[1] Plaintiff mentions ACOs Acoma and Wong in the FAC, but clarifies that they are witnesses to Padilla's actions, not participants.

deficiencies in his original Complaint, and further leave to amend appears futile, the FAC and this action are DISMISSED with prejudice, for failure to state a claim.

## I. **STATUTORY SCREENING**

The court must screen all civil actions brought by prisoners that relate to prison conditions and/or seek redress from a governmental entity, officer, or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if its claims are legally frivolous or malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e (c)(1).

A complaint may be dismissed as a matter of law for failure to state a claim for (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, ----, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements, do not suffice." 129 S. Ct. at 1949.

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." 129 S. Ct. at 1949. "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950.

The court must construe a *pro se* complaint liberally, accept all allegations of material fact as true, and construe those facts in the light most favorable to the plaintiff. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Although leave to amend should be granted if it appears at all possible that the plaintiff can correct the defects of his or her complaint, *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000), an amended complaint that fails to cure the deficiencies in the original pleading may be dismissed with prejudice. *See Chodos v. W. Publ'g Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) ("[W]hen a district court has

already granted a plaintiff leave to amend, its discretion in deciding subsequent motions to amend is 'particularly broad.'") (citation omitted).

## II. DISCUSSION

The FAC is identical to the original Complaint, except that Plaintiff now attaches various documents to the pleading supporting his *in forma pauperis* request[2] and showing his attempts to file criminal charges against Padilla and another ACO. In the FAC, Plaintiff again alleges that, on or about June 21, 22, 23, and 28, 2011, ACO Padilla verbally threatened him by stating he would "pound [Austin] out." *See* FAC, ECF 5 at 5, Count I. Plaintiff apparently was told to leave the dining hall and missed breakfast on at least one day. *Id.* at 15. The FAC makes clear, as did the original Complaint, that Padilla did not assault Plaintiff.

### A. Padilla's Statements

As the court informed Plaintiff in the November 28, 2011 Order Dismissing Complaint, ECF #2, verbal harassment or abuse does not rise to the level of a constitutional deprivation. *Freeman v. Arpaio*, 125 F.3d 732, 738 (9th Cir. 1997), *abrogated on other grounds by Shakur v. Schriro*, 514 F.3d 878 (9th Cir. 2008); *Oltarzewski v. Ruggiero*, 880 F.2d 136, 139 (9th Cir. 1987) (holding

---

[2] Plaintiff's *in forma pauperis* application was granted on November 30, 2011, two weeks before filing the FAC. ECF #3.

that "disrespectful and assaultive comments" do not arise to a constitutional violation).  Even a threat of harm is insufficient to establish a constitutional wrong. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) ("[I]t trivializes the eighth amendment to believe a threat constitutes a constitutional wrong.").  Unless the verbal harassment was "calculated to and *did* cause . . . psychological damage," it does not state a claim under the Eighth Amendment.  *Keenan v. Hall*, 83 F.3d 1083, 1092 (9th Cir. 1996) (comments that denied inmate "peace of mind" but were not alleged to be "unusually gross even for a prison setting" do not state a claim) (emphasis added), *amended by* 135 F.3d 1318 (9th Cir. 1998).

        Padilla's comment that he would "pound [Plaintiff] out," and single written expletive expressing that he did not care if Plaintiff missed breakfast, are insufficient to state a claim under the Eighth Amendment.  *See* FAC, ECF #4 at 5.  These statements are unlikely to have caused, and Plaintiff does not allege, any actual psychological harm.  Plaintiff fails to state a claim regarding Padilla's alleged verbal harassment or threats.

**B.     Missed Breakfast**

        Plaintiff claims that, because of Padilla's alleged threats, he missed breakfast.  The documents he attaches to the FAC show that, when Padilla yelled at Plaintiff on June 21, 2011, he told Plaintiff to leave the dining hall.  If this

happened on all four days alleged in Count I, although Plaintiff does not clarify this, Plaintiff missed, at most, four breakfasts.

Adequate food is a basic human need protected by the Eighth Amendment. *Keenan*, 83 F.3d at 1091. The Eighth Amendment, however, only requires that prisoners receive food that is adequate to maintain health. *See LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir. 1993). The Ninth Circuit found that a prisoner who was denied sixteen meals in twenty-three days alleged a sufficiently serious deprivation to implicate the Eighth Amendment. *Foster v. Runnels*, 554 F.3d 807, 812-13 (9th Cir. 2009). In *Foster*, the plaintiff alleged that he lost weight and suffered headaches and dizziness as a result of inadequate nutrition. *Id.* at 813 n.2. The appellate court observed that the record contained no evidence of the nutritional value of each meal, and thus there was no evidence that *one* meal per day provided enough nutrition to sustain the inmate for an entire day. Because all inferences must be drawn in the inmate's favor, the Ninth Circuit presumed that the meals Foster received were inadequate to maintain health and that he suffered a cognizable harm under the Eighth Amendment. *Id.*

In contrast, here, Plaintiff alleges that he may have missed breakfast on four days in June 2011, because of Padilla's threats. Plaintiff does not allege that the missing breakfasts caused him to suffer physical ill effects, or that he was

denied other meals on those days, or denied breakfast more than the four times alleged.  As noted in the order dismissing the original Complaint, Plaintiff's allegations are insufficient to give rise to the inference that he is not receiving or did not receive sufficient food to maintain his health.  Plaintiff does not allege a deprivation of constitutional magnitude.  *Foster*, 554 F.3d at 813 n.2; *LeMaire*, 12 F.3d at 1456.  Plaintiff fails to state a plausible claim that the missed breakfast violated his constitutional rights.

### III.   28 U.S.C. § 1915(g)

Plaintiff's original Complaint was dismissed for failure to state a claim and Plaintiff was given leave to file an amended complaint to correct the deficiencies identified in that pleading.  Because Plaintiff's First Amended Complaint fails to cure the defects in his original Complaint, and it is clear that he cannot do so, it is DISMISSED with prejudice.  Plaintiff is notified that this dismissal may count as a "strike" under the "3-strikes" provision of 28 U.S.C. § 1915(g).

Under the 3-strikes provision, a prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was

dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g); *see also Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005).

## IV. <u>CONCLUSION</u>

Plaintiff's First Amended Complaint is DISMISSED without leave to amend because further amendment is futile. This action is DISMISSED with prejudice for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(b) & 1915A(b)(1). This dismissal may be counted as a strike pursuant to 28 U.S.C. § 1915(g). All pending motions are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, December 19, 2011.



David Alan Ezra
United States District Judge

*Austin v. Padilla,* Civ. No. 11-00693 DAE-BMK; Order Dismissing First Amended Complaint and Action ; psas/ Screening/dmp/ 2011/Austin 11-693 DAE (dsm FAC & act ftsc [threats no brfst])